The State v. Hayden.

---

STATE OF MISSOURI, Respondent, v. J. M. HAYDEN, Appellant.

Kansas City Court of Appeals, April 1, 1895.

Appellate Practice: EXCEPTIONS: INSTRUCTIONS: EVIDENCE. In a criminal case, exceptions must be taken to the giving of instructions at the time and not merely to the overruling of a motion for a new trial; and so exceptions must be taken to the admission of evidence at the time the ruling was made.

*Appeal from the Saline Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*Ernest D. Martin* for appellant.

(1) The court erred in refusing instructions offered at the close of the state's evidence. There is a total failure of proof of defendant's guilt and the judgment should be reversed. *State v. Ballard*, 104 Mo. 634; *State v. Crow*, 54 Mo. App. 208. The defendant ought not to be punished, if he supposed in good faith that he was gathering up his property under a license from the real owner. (2) In larceny, the intent to steal is the *gravamen* of the offense, and it is competent for the defendant to testify as to the intent with which he did an act. *State v. Williams*, 95 Mo. 247; *State v. Palmer*, 88 Mo. 568 and 573; *State v. Banks*, 73 Mo. 592. The testimony fails to establish an unlawful taking; the facts proven tend only to establish a trespass. (3) The defendant acted under the belief that he had a right to gather up all the iron on the place, because he bought it and paid for all he carried away. In such a taking there can be no larceny. 2 Bishop on Criminal Law [6 Ed.], sec. 851; Kelly on Criminal Law, sec. 601; *State v. Wills,* 9 Mo. 671; *State v. Holmes*, 17 Mo. 379; *State v. Gresser*, 19 Mo. 247; *State v. Matthews*, 20 Mo. 55; *State v. Warden*, 94 Mo. 648.

*R. M. Reynolds*, prosecuting attorney, and *T. H. Harvey* for respondent.

(1) No exceptions were saved to the action of the court in giving instructions. It is not sufficient to

make the objection for the first time in a motion for new trial. Revised Statutes 1889, sec. 4221; *State v. Marshall*, 36 Mo. 400; *State v. Ray*, 53 Mo. 345; *State v. Pints*, 64 Mo. 317; *State v. Williams*, 77 Mo. 310; *State v. McDonald*, 85 Mo. 539; *State v. Reed*, 89 Mo. 168; *State v. Day*, 100 Mo. 242. (2) The question of intent was one for the jury, and was fairly and properly submitted to them under the evidence and instructions of the court, and there was ample testimony to support the verdict. The appellate court will not interfere, unless there is a total failure of proof of defendant's guilt, or the evidence is so weak that the necessary inference is that the jury must have acted from prejudice or partiality. *State v. Cruise*, 16 Mo. 393; *State v. Burnside*, 37 Mo. 343; *State v. Musick*, 71 Mo. 401; *State v. Zorn*, 71 Mo. 415; *State v. Glahn*, 97 Mo. 679; *State v. Howell*, 100 Mo. 628.

ELLISON, J.—Defendant was charged, tried and convicted of petit larceny and a fine of $15 imposed. We have gone carefully over the evidence and find that there is sufficient to sustain the verdict of the jury, and that, therefore, defendant's demurrer was properly overruled. We would, of course, interfere and reverse the case, if there was no substantial evidence from which a jury could arrive at the conclusion that the defendant was guilty. But we are not authorized to weigh the evidence and decide the case here as we might believe a jury should decide. That is the exclusive province of the jury.

Instructions were given by the court and objected to, but as there was no exception taken to the action of the court in this respect we can not notice objections now urged. The fact that an exception was taken to the order of the court overruling the motion for a new trial, wherein complaint was made of the instructions,

will not help the matter. There must be exceptions taken to the action of the court at the time. This has been so frequently ruled in the appellate courts of the state as not to require the citation of cases.

Objection is made here to the ruling of the court on the admission of testimony. Most of these objections are without merit and some of them are without exception to the action of the court at the time the ruling was made. Particularly is this true where the court seems to have permitted witness E. G. Kitchen to relate what the witness Freeman told him.

We find nothing to justify our interference with the judgment and must, therefore, order its affirmance. All concur.